UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA ANDRADE,<br><br>        Petitioner,<br><br>    v.<br><br>LAKE COUNTY DISTRICT ATTORNEY,<br><br>        Respondent.[1] | Case No. 21-cv-05785-VC   (PR)<br><br>**ORDER DENYING MOTION TO DISMISS AS MOOT AND DISMISSING DISTRICT ATTORNEY AS RESPONDENT; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 14 |

      This is a pro se habeas petition filed by Silvia Andrade against the Lake County District Attorney's Office. Andrade filed the petition when she was on probation. Previously, the Court dismissed all but the claim of ineffective assistance of counsel and then issued an order to show cause why the petition should not be granted as to that claim. The Lake County District Attorney has now filed a response, arguing, among other things, that she is not the proper respondent. The District Attorney is correct on that point; the Court should not have issued an order to show cause to the District Attorney. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254 requires a person in custody pursuant to the judgment of a state court to name the "state officer having custody" of her as respondent). Because Andrade is on probation, the proper respondent is Rob Howe, Lake County Chief Probation Officer. *See id.* (where petitioner is on probation, she may name her probation officer or official in charge of probation agency as respondent).

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Rob Howe, Lake County Chief Probation Officer, as the respondent because he is Andrade's current custodian.

Accordingly, Howe is hereby substituted into the case as the respondent, and the District Attorney is dismissed from the case. The order to show cause issued to the District Attorney is lifted, and the District Attorney's motion to dismiss is denied as moot.

The Court orders as follows:

1. The motion to dismiss is denied as moot; the district attorney is dismissed from this case.

2. The Clerk of the Court shall substitute Rob Howe, Lake County Chief Probation Officer, as the respondent.

3. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon the respondent, Rob Howe, Lake County Chief Probation Officer, 201 S. Smith Street, Lakeport, CA 95453, and the respondent's attorney, the Office of the Lake County Counsel, 255 N. Forbes Street, Lakeport CA 95453. The Clerk also shall serve a copy of this Order on Andrade at her current address.

4. No later than sixty days from the date of this Order, the respondent shall file with this Court and serve upon Andrade an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Andrade wishes to respond to the Answer, she shall do so by filing a Traverse with the court and serving it on the respondent within thirty days of his receipt of the Answer. If she does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

5. No later than sixty days from the date of this Order, the respondent may file with this court and serve upon Andrade a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If the respondent files such a motion, Andrade shall file with the court and serve on the respondent an opposition or statement of non-opposition to the motion within thirty days of

receipt of the motion, and the respondent shall file with the court and serve on Andrade a reply within fourteen days of receipt of an opposition.

6. It is Andrade's responsibility to prosecute this case. She must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. She also must serve on the respondent's counsel all communications with the court by mailing a true copy of the document to the respondent's counsel.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: February 23, 2022

VINCE CHHABRIA
United States District Judge