UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA ANDRADE,<br><br>        Petitioner,<br><br>    v.<br><br>ROB HOWE,<br><br>        Respondent. | Case No. 21-cv-05785-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

      Silvia Andrade filed a pro se habeas petition against the Lake County District Attorney's Office challenging her misdemeanor conviction. Previously, the court dismissed all but the claim of ineffective assistance of counsel and then issued an order to show cause why the petition should not be granted as to that claim. The Lake County District Attorney filed a motion to dismiss arguing that she was not the proper respondent. The court dismissed the district attorney from the case, and substituted Rob Howe, Lake County Chief Probation Officer, as the respondent.

      The respondent has now filed a motion to dismiss arguing that Andrade is barred from seeking relief against him because the "Petition fails to allege any direct or even indirect misconduct or impropriety by Respondent" and the ineffective assistance of counsel claim cannot be pursued against the respondent because he "has no involvement or influence over the selection of appointment of Petitioner's defense counsel, and it has no involvement in the prosecution or defense of the case prior to sentencing." Dkt. No. 19 at 3. The respondent also argues that the petition is untimely.

      These arguments are clearly incorrect, to the point of causing the court to wonder if the

Attorney General's Office (as opposed to the County Counsel's Office) should be representing the respondent in this case. The motion to dismiss is denied.

      I.      <u>Improper Respondent</u>

Assuming Andrade was on probation at the time she filed her petition — as she asserts in the petition — Rob Howe, as the Lake County Chief Probation Officer, is the correct respondent. The proper respondent in a habeas action under 28 U.S.C. section 2254 is the person who holds the petitioner in custody. Usually, that is the warden of the prison. But in a case where the petitioner is on supervised release, the proper respondent is the probation officer or similar official in charge of the parole or probation agency. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) ("[w]here the petitioner is on probation or parole, he may name his probation or parole officer and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate") (quotation marks and emphasis excluded)). This is true irrespective of whether the respondent was involved in Andrade's trial or in selecting Andrade's attorney. *See id*. (explaining that Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254 requires a person in custody pursuant to the judgment of a state court to name the "state officer having custody" of her as respondent.)

      II.      <u>Timeliness</u>

The respondent also asserts that the petition is untimely. In California, misdemeanor appeals follow a different track than felony appeals. *McMonagle v. Meyer*, 802 F.3d 1093, 1096 (9th Cir. 2015). Criminal defendants appeal their misdemeanor convictions to the appellate division of the superior court in which they were convicted, and if the appellate division affirms the conviction, then they may request certification of the case for transfer to the California Court of Appeal for further review. *Id.* (citing Cal. Pen. Code § 1466 and Cal. R. Ct. 8.1005(b)). If certification is denied, the defendant may petition the Court of Appeal directly to accept transfer of the case. *Id.* (citing Cal. R. Ct. 8.1002, 8.1006). If the appellate court denies the transfer, the denial is final immediately, and the defendant may not appeal the denial to the California Supreme Court. *Id.* (citing Cal. R. Ct. 8.500(a)(1)). When transfer is denied, misdemeanor

convictions become final upon the denial of a petition to accept transfer by the appellate court, and therefore final for AEDPA purposes ninety days after the denial of the transfer. *Id.* at 1098-99.

Here, in arguing that Andrade's petition is untimely, the respondent relies on the dates Andrade's state habeas petition was denied by the California state courts. Because, for AEDPA purposes, the relevant dates for a misdemeanor conviction relate to a defendant's direct appeal, the court cannot ascertain whether Andrade's petition is untimely. Accordingly, the motion to dismiss based on timeliness must be denied.

The Court thus orders as follows:

1. The motion to dismiss is denied.

2. Rob Howe, and his attorney, the Office of the Lake County Counsel, are ordered to send a courtesy copy of this ruling and the petition to the Attorney General of the State of California.

3. The Clerk shall serve a copy of this Order on Andrade.

4. No later than forty-five days from the date of this Order, the respondent shall file with this Court and serve upon Andrade an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Andrade wishes to respond to the Answer, she shall do so by filing a Traverse with the Court and serving it on the respondent within thirty days of her receipt of the Answer. If she does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

5. It is Andrade's responsibility to prosecute this case. She must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. She also must serve on the respondent's counsel all communications with the Court by mailing a true copy of the

document to the respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

7. This order terminates docket number 19.

**IT IS SO ORDERED.**

Dated: August 22, 2022

_____

VINCE CHHABRIA
United States District Judge